UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-145-H

UNITED STATES OF AMERICA FOR THE
USE AND BENEFIT OF PRECISION WALLS,
INC., and PRECISION WALLS, INC.                                           PLAINTIFFS

V.

CADDELL CONSTRUCTION CO., INC.
and ST. PAUL FIRE AND MARINE
INSURANCE COMPANY                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Precision Walls, Inc. ("Precision Walls"), has brought this claim for unpaid labor and materials under the Miller Act, 40 U.S.C. § 270(a), *et seq.*, against Caddell Construction Co., Inc. ("Caddell") and its surety, St. Paul Fire and Marine Insurance Company ("St. Paul"). This case arises out of a construction project at Ft. Knox, Kentucky, in which Caddell is a contractor to the Corps of Engineers (the "Corps"), St. Paul is Caddell's surety on a payment bond in favor of the Corps. Precision Walls is a subcontractor to Caddell under an agreement dated May 26, 2006 (the "Subcontract") to perform drywall work on the project. In response to the complaint, Caddell has moved to stay all proceedings while it pursues its administrative remedies against the Corps.

The Court has reviewed the contractual provisions and has discussed the case with counsel. The Court has determined a result that allows this dispute to be decided as the parties intended.

Apparently, the construction project at issue encountered a number of difficulties causing some delay, significant amounts of additional work and then perhaps acceleration of the work. As a result of these difficulties Caddell has made a claim for additional compensation against the Corps for its refusal to allow additional time to complete the work. The Corps' contracting officer denied that claim, but Caddell has appealed that decision to the Armed Services Board of Contract Appeals. Precision Walls has also made its claim for additional compensation directly against Caddell. Caddell says that its claims against the Corps completely encompass those of Precision Walls. However, Precision Walls says that some of its claims involve separate actions of Caddell which independently caused delay, through no fault or action by the Corps.

Precision Walls argues that because its claims arise directly from Caddell's breach of contract and not from the Corps' acceleration or delay of the project, the ongoing administrative procedures should have no bearing on the resolution of the instant dispute. Therefore, Precision Walls says this matter should not be stayed pending resolution of the appeal. Notwithstanding this argument, Precision Walls does agree that its dispute with Caddell is subject to the arbitration provisions of the subcontract. Consequently, it agrees that this lawsuit should be stayed pending resolution of the dispute between the parties in arbitration.

The parties differ in their interpretations of paragraphs 24 and 25 of their subcontract. The subcontract provides for the arbitration of any disputes between Caddell and Precision Walls. It also provides that any Armed Services Board case between Caddell and the Corps which encompasses the same claims as those of Precision Walls is binding upon Precision Walls. However, these simple statements disguise a complex number of possible results. Those results will determine the issues ultimately subject to arbitration between the parties. Typically, the

arbitrator must decide the scope of the issues which are subject to arbitration and, therefore, the scope of his authority.  The Court finds no reason to deviate from that general rule here.

Consequently, the Court concludes that it should not delay or stay arbitration proceedings. On the other hand, it is appropriate to stay proceedings in federal court.  At this time, the Court has no direct role in deciding the substantive issues presented here.  That is for the Armed Services Board and the arbitrator.  Arbitration of the dispute between Caddell and Precision Walls should proceed, subject to the arbitrator's discretion.  Undoubtedly, the arbitrator's first concern will be to determine the scope of the proposed arbitration in light of paragraphs 24 and 25.  If, for some reason, this is not possible based on the available evidence, then the arbitrator is in the best position to determine whether the arbitration should be stayed pending final resolution of the administrative appeal.

Finally, though the contract states that venue for arbitration shall be in Alabama, it does not mandate a venue for related litigation.  Precision Walls has made an appropriate election for venue of this lawsuit.  That election in no way violates any provisions of the subcontract.  The Court sees no particular problem or inefficiency with the stay of the pending action here until the administrative procedures and the arbitration resolve all of the disputes.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Caddell's motion to compel arbitration between itself and Caddell is SUSTAINED and the instant case is STAYED pending arbitration and final resolution of the dispute between the parties.

IT IS FURTHER ORDERED that Caddell's motion to stay all arbitration proceedings pending exhaustion of ongoing administrative procedures is DENIED.

IT IS FURTHER ORDERED that Caddell's motion to transfer this case to the United States District for the Middle District of Alabama is also DENIED.

cc: Counsel of Record